```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ROSSA PALLANTE                     :    CIVIL ACTION
                                   :
          v.                       :
                                   :
THOSE CERTAIN UNDERWRITERS AT      :
LLOYD'S LONDON                          NO. 17-1142


<u>MEMORANDUM</u>

Bartle, J.                                    April  30, 2018

      Plaintiff Rossa Pallante filed this action on February 14, 2017 in the Court of Common Pleas of Philadelphia County against her insurer, Those Certain Underwriters at Lloyd's London, for breach of contract for failure to indemnify her for a fire loss to her home and its contents.  She also claims that defendant acted in bad faith.  After the case was timely removed to this court based on diversity of citizenship, defendant filed an answer denying liability and including a counterclaim.  In the counterclaim, defendant alleges that plaintiff committed fraud and seeks rescission, declaratory relief, and damages.

      Before the court is defendant's motion to dismiss plaintiff's complaint for lack of prosecution.  The motion was filed and served on March 28, 2018.  Plaintiff, now acting pro se, has not filed any opposition to the motion.

      On June 13, 2012, this court granted the motion of Jonathan Wheeler, Esquire, plaintiff's first attorney, to

withdraw his appearance. Mr. Wheeler had requested withdrawal "by virtue of her insistence upon pursuing an objective that counsel considers consistently repugnant and imprudent" and because "Pallante has intentionally misused the services of counsel in this matter." On July 27, 2017 a new attorney, Matthew Weisberg, Esquire, entered his appearance on behalf of plaintiff, but on October 24, 2017, he moved to withdraw on the ground that "professional considerations require termination of the representation." The court granted his motion on November 21, 2017. On January 3, 2018, the court granted the motion to withdraw of L. Anthony DiJiacomo, III, Esquire, an attorney in Mr. Weisberg's firm.[1] He offered the same reason as did Mr. Weisberg.

On October 10, 2017, the court scheduled a Rule 16 status conference to be held on October 30, 2017. Because plaintiff's attorney had moved to withdraw his appearance shortly before the conference was to be held, the court rescheduled it for November 28, 2017. On that day, the plaintiff telephoned the court's deputy clerk that she had moved out of Pennsylvania and now resided in Florida. As a result, the court postponed the status conference until January 18, 2018. The court sent a copy of the notice of the January

---

1. For some reason, Mr. DiJiacomo entered his appearance on November 20, 2017. This was after Mr. Weisberg had moved to withdraw.

conference to plaintiff at her Florida address.  The notice
stated that "failure of plaintiff . . . to appear at the
conference could result in dismissal of the complaint for
failure to prosecute."  Plaintiff failed to appear, and the
court proceeded with the conference in her absence.  A
scheduling order was then entered for the completion of
discovery by July 31, 2018.

On January 18, 2018, the defendant filed a motion to
compel plaintiff to provide answers to its interrogatories and
provide documents in response to its request for production of
documents.  The interrogatories and request for production had
been served back on October 11, 2017, and plaintiff had neither
responded nor objected.  On January 19, pursuant to Local Civil
Rule 26.1(g), the court ordered plaintiff to provide full and
complete responses on or before February 2, 2018.  Plaintiff did
not comply.  On February 2, 2018, the court issued an order
scheduling another status conference for February 28, 2018.
Plaintiff was required to appear or suffer possible dismissal of
the complaint for failure to prosecute.

On February 3, 2018, plaintiff emailed the court's
deputy clerk that she "recently" had taken "a very bad fall
causing multiple contusions, multiple left side fractured and
broken ribs, injury to my right heel foot, constant pain to my
right foot, right wrist[,] neck, shoulders and upper back."  She

-3-

did not state the date of the fall.  According to her email, her chiropractor did not want her to travel for the next two months.  Nothing was said about any inability to produce discovery.

On February 20, 2018, plaintiff emailed to the court and defense counsel the handwritten note from her chiropractor which stated "no flying for 2 months patient Rossa Pallante."  As a result, on February 21, 2018, the court vacated its February 2, 2018 order and cancelled the February 28, 2018 status conference until further order of the court.

Plaintiff never stated in her February 20, 2018 communication that her medical issues prevented her from responding to the defendant's interrogatories or other discovery requests.  Accordingly, on February 21, 2018, the court granted defendant's unopposed motion for sanctions against plaintiff for failure to comply with the court's January 19, 2018 order to produce her discovery.  This order also compelled plaintiff to pay defendant's counsel $500 as a sanction. The court gave plaintiff a second chance to produce full and complete responses to the interrogatories and document requests, this time with a deadline of March 10, 2018.  The court warned that if she failed to comply with the February 21, 2018 order, "the court may dismiss this action for lack of prosecution."  Plaintiff has continued to ignore the court's order to this day.

On March 2, the court further ordered:

> 1) plaintiff Rossa Pallante shall provide to the court on or before March 19, 2018 a detailed description prepared by and signed by her physician of her medical condition as it impacts her ability to travel from Florida to Philadelphia;
>
> 2) plaintiff Rossa Pallante must provide a copy of her physician's statement to defense counsel and copy defense counsel on any correspondence with the court; and
>
> 3) the court will not consider Rossa Pallante's statements about her medical condition except as set forth above.

On March 16, 2018, the plaintiff provided the court with certain additional medical information. She enclosed a February 23, 2018 MRI of her cervical spine and a March 3, 2018 MRI of her wrist. Both explained that she experienced pain as a result of an October 6, 2017 slip and fall. There were also two March 15, 2018 referrals to Neuspine Institute for pain management. She submitted a handwritten note of her chiropractor which stated: "Due to severe pain and recent MRI findings of disc protrusions I do not recommend flying which will increase pressure on the aggravated discs and muscle spasms. No timeline can be given at the moment."

Contrary to the court's March 2, 2018 order, there was no detailed description prepared and signed by a physician

concerning her medical condition as it impacts her ability to travel from Florida to Philadelphia.  A note from a chiropractor does not meet the requirement of the order.  See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999).

Defendant has also made part of the record an outstanding February 28, 2014 Bench Warrant, signed by Judge Marsha H. Neifield of the Philadelphia Municipal Court, for the arrest of plaintiff for retail theft from a Home Depot on November 25, 2013.  See Doc. # 45, Ex. B.  Plaintiff has never denied the existence of this warrant.  It is reasonable to infer that its existence may constitute a reason why she may not want to appear in the Commonwealth of Pennsylvania.

Plaintiff has not complained that she cannot afford to travel from Florida to Philadelphia.  In any event, this contention would not impact our decision as a pro se litigant bears the expense of traveling to and from court.  L.L. v. Vineland Bd. of Educ., 177 F. App'x 244, 246 (3d Cir. 2006).  Nor does plaintiff state that she cannot travel to Philadelphia by train or automobile for a status conference.  Even assuming that she cannot presently make the trip, there is nothing in the documents she has submitted to the court and nothing otherwise in the record to indicate that she is unable to answer interrogatories, produce documents, or pay the $500 ordered by the court.  Again, it is significant that plaintiff has not

filed an opposition to defendant's motion to dismiss and has not transmitted any updated health information since mid-March.

The Court of Appeals in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 866 (3d Cir. 1984) has cautioned that dismissal of an action for lack of prosecution is a "drastic sanction" not to be imposed lightly. A court must consider and balance six factors before doing so:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis in original).

First, there can be no doubt, as noted in detail above, that the plaintiff is personally responsible for the failure to respond to discovery and to obey this court's orders. She has been proceeding pro se since January 3, 2018.

We also find that defendant is suffering prejudice by the failure of plaintiff to produce discovery. Plaintiff's conduct has not only interfered with the defense against her allegations but also with defendant's ability to proceed with its counterclaim. Plaintiff originally filed this action on

February 14, 2017.  Defendant served its discovery on October 11, 2017.  The court has entered not one but two orders compelling plaintiff to produce her discovery.  Plaintiff has ignored these orders and as a result the case is at a standstill.

Further, the record demonstrates a history of dilatoriness on the part of the plaintiff.  Again, the court has ordered plaintiff twice to answer interrogatories and produce documents and she has not complied with the court's orders.  She has also not paid the sanctions due.  We have warned her that she faces having her case dismissed for lack of prosecution, but she had remained steadfast in her recalcitrance.

Clearly, the plaintiff is acting in bad faith in not obeying the court's orders.  She has offered no valid reason for not being forthcoming with discovery and has not even responded to defendant's motion to dismiss for lack of prosecution.

In the court's view, no sanctions other than dismissal will suffice.  We have required her to pay to defendant's counsel $500 as a sanction and she has not responded.  Our orders to date have fallen on deaf ears.  There is no other appropriate way to deal with her contumacy.

Finally, we turn to the merits of her complaint.  This case has not proceeded beyond the filing of the pleadings and thus the court has had no opportunity to analyze it on the

merits.  However, the plaintiff's unwillingness to proceed and her failure to file any opposition to defendant's motion to dismiss allow the court to draw an inference that her claims lack merit.[2]

Accordingly, we will grant the motion of defendant to dismiss plaintiff's complaint for lack of prosecution. Defendant's counterclaim remains.

---

2. Defendant has asserted in its brief a series of "facts" that plaintiff has engaged in fraud with respect to her alleged fire losses.  Defendant references an Examination under Oath of plaintiff on September 13, 2016 but does not attach a copy. Even assuming that its assertions turn out to be true, the court cannot now credit them since they are not supported in any way in the existing record beyond counsel's statements in defendant's brief.  See In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997); see also Commonwealth v. Flaherty, 40 F.3d 57, 62 (3d Cir. 1994).