```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ROSSA PALLANTE                    :        CIVIL ACTION
                                  :
         v.                       :
                                  :
THOSE CERTAIN UNDERWRITERS AT     :        NO. 17-1142
LLOYD'S, LONDON                   :

MEMORANDUM

Bartle, J.                                          May 16, 2018

Plaintiff Rossa Pallante filed this action in the Court of Common Pleas of Philadelphia County against her insurer, Those Certain Underwriters at Lloyd's London ("Lloyd's"), for breach of contract for its failure to indemnify her for a fire loss to her home and its contents. After the case was timely removed to this court based on diversity of citizenship, defendant filed an answer denying liability and including a counterclaim. In the counterclaim, defendant alleges that plaintiff committed fraud and seeks rescission, declaratory relief, and recovery of $364,267.16 in damages including the amount which Lloyd's has already paid Pallante. The court subsequently dismissed her complaint for lack of prosecution.[1] Thus, only the counterclaim remains.

Lloyd's has filed two motions pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining

---

1. While originally Pallante had counsel, she is now proceeding pro se.

order and preliminary injunction.  Defendant seeks to enjoin the sale of a home in Brigantine, New Jersey owned by Pallante, or in the alternative, impose a constructive trust on the proceeds from the sale so that there are assets available for the payment of a possible judgment in this action in favor of Lloyd's and against her.[2]  The case is not scheduled for the court's trial pool until November, 2018.

Our Court of Appeals has emphasized that "preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances."  <u>Kos Pharms. Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations and citations omitted).  The Court has explained that a preliminary injunction may be granted only if the moving party shows:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a

---

2.  In its first motion for a temporary restraining order and preliminary injunction, defendant seeks to enjoin the sale of the Brigantine home without prior court approval.  The defendant seeks to preserve plaintiff's assets in the event that a judgment is entered in favor of Lloyd's and against her.

In defendant's supplemental motion, it contends that plaintiff has in fact sold the Brigantine property.  The defendant seeks to preserve plaintiff's assets for the payment of any judgment in favor of Lloyd's by urging the court to impose a constructive trust on any proceeds plaintiff received from the sale.

> preliminary injunction, should take
> into account, when they are relevant,
> (3) the possibility of harm to other
> interested persons from the grant or
> denial of the injunction, and (4) the
> public interest.

Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017) (quoting Del. River Port Auth. v. Transamerican Trailer Transport, Inc., 501 F.2d 917, 919-20 (3d Cir. 1974) (citations omitted)).  Any irreparable harm must be immediate.  It does not include harm which may occur "only in the indefinite future." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

The moving party must meet its burden with respect to the first two requirements, that is a reasonable probability of eventual success and irreparable harm, in order to obtain relief.  If the party does so, the court should consider the remaining factors if relevant and then determine in its discretion whether all four factors on balance support the grant of a preliminary injunction.  Reilly, 858 F.3d at 176, 179.

Assuming, for present purposes, that Pallante has sold or is about to sell her home, the court now turns to one of the two prerequisites for a preliminary injunction — whether Lloyd's can establish it will suffer irreparable harm if injunctive relief is denied.  In essence, Lloyd's seeks to keep the home in Pallante's hands or protect the proceeds of the sale from

dissipation so that there is money available to pay a future judgment in its favor. In order to establish irreparable harm where the request for money is involved, there must be "something uniquely threatening about the particular loss of money." Adams v. Freedom Forge Corp., 204 F.3d 475, 485 (3d Cir. 2000). In addition, the injury must be immediate. See Campell Soup, 977 F.2d at 91.

Our Court of Appeals faced the question in Adams whether irreparable harm existed where retirees and their spouses sought a preliminary injunction pending trial in an ERISA action to require an employer to continue payment of current health benefits with no premiums. 204 F.3d at 483-84. The court held that there was no irreparable harm as to plaintiffs who would suffer serious financial burden but would not have to forego medical treatment. Id. at 485.

In Morton v. Beyer, 822 F.2d 364, 371-72 (3d Cir. 1987), a discharged employee sought a preliminary injunction to require defendant to continue to employ him pending trial for unlawful discharge because his wages were his sole source of income and he had significant expenses. Again, the Court of Appeals, while sensitive to plaintiff's plight, held that irreparable harm did not exist despite the plaintiff's financial distress. Id. at 372-73.

In Frank's GMC Truck Ctr., Inc. v. GMC, 847 F.2d 100 (3d Cir. 1988), the Court of Appeals reversed the grant of a preliminary injunction compelling General Motors to continue supplying heavy duty truck parts to plaintiff, a franchisee. The plaintiff's loss of sales and ability to service customers and thus its loss of profits did not constitute irreparable harm. Id. at 102-103.

Significantly, Lloyd's has not asserted that Pallante would be unable to pay a judgment at the end of the day if the proceeds from the sale of her home are not preserved. It simply states that her financial circumstances are "unknown," and it "may well be left without any meaningful remedy." This risk of irreparable harm is mere speculation and is not sufficient to allow the court to grant preliminary equitable relief. Adams, 204 F.3d at 488.

Morever, the counterclaim of Lloyd's concerns the issue of fraud in connection with a fire loss. It is not about the ownership or possession of the house in Brigantine, New Jersey or about the rightful owner of the proceeds from a sale. Lloyd's does not assert anything distinguishable or out of the ordinary that would make its situation compelling. There is simply nothing uniquely threatening to Lloyd's from a possible loss of money from the sale of Pallante's home. Id. at 485.

Finally, the trial is a number of months away. No immediate injury appears on the horizon since no judgment has been entered in favor of Lloyd's. Campbell Soup, 977 F.2d at 91.

The following, all involving immediate monetary injury, have been found to be insufficient to demonstrate irreparable harm pending trial: (1) the reduction in health benefits for retired employees resulting in a serious financial burden to them but without affecting medical treatment; (2) the loss of wages, the sole source of income, where the employee alleges wrongful termination; and (3) the loss of customers and business profits to a franchisee due to the refusal of a franchisor to supply parts. If these circumstances do not rise to the level of irreparable harm, certainly potential monetary harm here to insurance underwriters over an allegedly fraudulent fire loss does not rise to that level. Lloyd's has cited no apposite case in support of its motions on this issue. In sum, Lloyd's simply cannot establish an essential element for the extraordinary remedy of preliminary injunctive relief. See Reilly, 858 F.3d at 179.

Accordingly, we will deny the motions of Lloyd's for a temporary restraining order[3] and a preliminary injunction.

---

3. Rule 65(b) provides in relevant part that the court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Lloyd's filed no relevant affidavit or verified pleading showing immediate and irreparable injury, loss, or damage. In any event, the analysis concerning irreparable harm for a preliminary injunction applies equally to the temporary restraining order sought here.