```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ROSSA PALLANTE                  :    CIVIL ACTION
                                :
            v.                  :
                                :
THOSE CERTAIN UNDERWRITERS AT   :    NO. 17-1142
LLOYD'S LONDON                  :

<u>MEMORANDUM</u>

Bartle, J.                                September 25, 2018

Before the court is the motion of counterclaimant Those Certain Underwriters at Lloyd's, London ("Lloyd's")[1] to recover $79,761.88 in attorneys' fees and expenses against counterclaim defendant Rossa Pallante pursuant to Rule 54 of the Federal Rules of Civil Procedure and the New Jersey Insurance Fraud Prevention Act, N.J. Stat. Ann. §§ 17:33A, et seq. Pallante, who is acting pro se, has not filed a response.

I

Pallante filed this action for damages in the Court of Common Pleas of Philadelphia County on February 14, 2017, claiming that her insurer, Lloyd's, had not paid her all that was due for fire and theft losses and had acted in bad faith. Lloyd's filed a timely notice of removal based in the parties' diversity of citizenship.

---

1. Lloyd's notes that is it correctly identified as "Certain Underwriters at Lloyd's, London."

Lloyd's thereafter filed a counterclaim, alleging that Pallante committed insurance fraud under the common law and the New Jersey Insurance Fraud Prevention Act. Lloyd's subsequently filed a motion to dismiss the complaint for lack of prosecution, which this court granted.

After attempting to take discovery from Pallante who failed to respond, Lloyd's moved for summary judgement on its counterclaim under Rule 56 of the Federal Rules of Civil Procedure. This court granted the motion and entered judgement in its favor for a total of $407,112.31.

II

Lloyd's prevailed in its claim under the New Jersey Insurance Fraud Prevention Act and seeks its attorneys' fees and expenses pursuant to this Act which provides:

> Any insurance company damaged as a result of a violation of any provision of this act may sue therefore in any court of competent jurisdiction to recover compensatory damages, which shall include reasonable investigation expenses, costs of suit and attorneys' fees.

N.J. Stat. Ann. § 17:33A-7a.

The New Jersey Supreme Court has outlined the analysis for recovery of attorneys' fees and expenses under a New Jersey statute. Litton Indus., Inc. v. IMO Indus., Inc., 982 A.2d 420, 426-9 (N.J. 2009). Attorney's fees must be reasonable. A threshold issue for reasonableness is whether the party seeking

the fees is successful in the litigation. Id. at 428. Lloyd's was successful under the New Jersey statute in establishing that Pallante committed fraud.

To determine a reasonable award of attorneys' fees, the court must calculate the lodestar, which is the number of hours reasonably expended multiplied by a reasonable hourly rate for legal services. Id. A reasonable hourly rate is determined according to the prevailing market rates in the community for lawyers of reasonably comparable skill, reputation, and experience. Id. The prevailing party bears the burden of establishing that the hourly rates and total number of hours expended are reasonable. Green v. Morgan Properties, 73 A.3d 478, 492 (N.J. 2013).

Once the court determines the appropriate lodestar, the court may adjust the figure on the basis of a number of factors. If the prevailing party is successful on some but not all of its claims, the court must determine if the successful claims were related to the unsuccessful claims. The court should reduce the hours by the number of hours spent litigating unsuccessful claims that are distinct from the successful claims. Litton, 982 A.2d at 429.

Here, Lloyd's seeks $205 an hour for attorney Lawrence D. Wright, $195 an hour for attorney Christopher P. Kelly, $180 an hour for attorney Shawn A. Ricci, and $65 an hour for

paralegal Jennifer L. Bracht. Work conducted by unidentified "MSR" and "KES" is also included in its request for fees.

In support of its motion, Lloyd's has submitted the affidavit of Wright. In that affidavit, Wright states that he has been a practicing attorney since 1986 and is a shareholder in the firm of Wright & O'Donnell, P.C. Wright has spent his entire career as a civil litigation attorney and a substantial portion of that practice includes defense of insurance coverage, bad faith, and insurance fraud. Wright states that Kelly has been a practicing attorney since 1994. He has spent his entire career as a civil litigation attorney and a significant portion of his practice includes defense of insurance coverage, bad faith, and insurance fraud. Wright did not discuss the qualifications of Ricci or Bracht or of "MSR" and "KES" in his affidavit.

Lloyd's has also submitted the affidavit of Gary W. Scott, authorized representative of DTW Claims Management, LLC, and Certain Underwriters at Lloyd's, London, and custodian of the Pallante claim file. Scott declares that he is familiar with the billing rates of counsel generally, and specifically with regard to insurance fraud and claims of bad faith. Scott has experience reviewing the bills for counsel fees and expenses related to the investigation and defense of insurance fraud and bad faith claims. He states that he reviewed the attorneys'

fees and litigation costs and determined that they were reasonable.

The affidavits of Wright and Scott establish that the hourly rates sought by Lloyd's for these attorneys are reasonable and within the range of prevailing rates charged by local attorneys with similar skills and experience. According to Wright, he has reviewed attorneys' fee requests "on a number of occasions" and that has found that hourly rates are higher in specialties such as insurance coverage, bad faith, and insurance fraud, as compared to hourly rates for general litigation. Wright also noted that the rates detailed in the motion of Lloyd's are consistent with the general billing practices of Wright & O'Donnell, P.C., and the rates charged are reasonable for the geographic area, complexity of the litigation, and the successful outcome. In fact, the hourly rates charged are lower than rates detailed in the Philadelphia Community Legal Services Schedule of Hourly Rates for attorneys of similar experience. See Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001).

Pallante has not challenged the reasonableness of the hourly rates of the attorneys Lloyd's retained. After review of the record this court finds that the rates of counsel are reasonable.

We next turn to the reasonableness of the total number of hours in issue. Lloyd's seeks reimbursement for 359.7 hours

worked between August 2016 and June 2018 by Lawrence D. Wright, Christopher P. Kelly, Shawn A. Ricci, Jennifer L. Bracht, and individuals identified as "MSR" and "KES."

In support of these hours, Lloyd's has submitted detailed invoices of its counsel for their work. Our review of the invoices, as well as the affidavits submitted by Lloyd's, establishes, with certain exceptions noted below, that the amount of time billed by Wright, Kelly, Ricci, and Bracht is not excessive, given the length and nature of this insurance fraud litigation case.

However, we will deduct hours worked by "MSR" and "KES." These individuals are not identified in any of the invoices or otherwise in the documents submitted by Lloyd's. We cannot determine if these rates or hours spent on legal work is reasonable without information about who performed it or in what capacity. Therefore, we will deduct from our award $78 of work performed by "KES" and $4,940 of work performed by "MSR."

Certain descriptions in the invoices are blacked out, although Lloyd's lists the hours expended and Kelly as the person performing the work. We cannot determine if these hours were reasonably spent on legal work without knowing what that work was. Therefore, we will deduct the $1,833 claimed.

Additionally, we will deduct the fees Lloyd's requested for its motion for a temporary restraining order and a

motion for a preliminary injunction to enjoin Pallante from selling her Brigantine, New Jersey property, or in the alternative, impose a constructive trust on the proceeds from the sale. This court denied those motions on February 21, 2018. This unsuccessful effort requesting court intervention in Pallante's real estate sale are distinct from the successful fraud claim of Lloyd's. See Litton, 982 A.2d at 429. We will deduct $5,029.50 of work from the attorneys' fee award.

Accordingly, Lloyd's will be awarded attorneys' fees in the amount of $56,890.19.

III

We next turn to the request of Lloyd's for reimbursement of costs and expenses. Lloyd's is entitled to recover reasonable investigation expenses under N.J. Stat. Ann. § 17:33A-7a. Specifically, Lloyd's seeks $9,616.19 in total investigation expenses, including $4,015.01 paid to CJW Associates, $3,645.20 paid to Vanguard Adjusters Group, Inc., and $1,955.98 paid to O'Neill Associates. Lloyd's incurred these investigation expenses in response to Pallante's insurance claims and the fraud discovery by its counterclaim. Additionally, Lloyd's seeks $1,375.00 paid to George Reis of Imaging Forensics, Inc.

In support of these fees, Lloyd's has submitted invoices as well as the affidavit of Scott. Lloyd's retained the

-7-

services of George Reis, with Imaging Forensics, Inc., to conduct digital imaging analysis of the photographs Pallante provided to Lloyd's in support of her insurance claim.  Lloyd's also retained CJW Associates, Vanguard Adjusters Group Inc., and O'Neill Associates, as adjusters to investigate Pallante's insurance claim.  Scott asserts that these fees were reasonable and that Lloyd's paid them all.

We find that the value of investigative fees requested is reasonable and the fees were relevant to Lloyd's success on its counterclaim under the New Jersey Insurance Fraud Prevention Act.

Accordingly, Lloyd's will be awarded investigation fees in the amount of $10,991.19.