```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROSSA PALLANTE                   :        CIVIL ACTION
                                 :
         v.                      :
                                 :
THOSE CERTAIN UNDERWRITERS AT    :
LLOYD'S LONDON                   :        NO. 17-1142
```

<u>MEMORANDUM</u>

Bartle, J.                                            May 8, 2019

Plaintiff Rossa Pallante ("Pallante") has moved pursuant to Rules 55(b) and 60(b) of the Federal Rules of Civil Procedure to vacate the order dismissing her complaint as well as the money judgment entered against her and in favor of counterclaim defendant Those Certain Underwriters at Lloyd's London ("Lloyd's").

Pallante filed a complaint against Lloyd's, her insurer, for breach of contract in the Court of Common Pleas of Philadelphia County. In the complaint, she claimed that Lloyd's had failed to indemnify her fully for the loss of her home in Brigantine, New Jersey as a result of a fire and for the loss of its contents as a result of the fire and a subsequent theft. Lloyd's timely removed the action to this court and filed a counterclaim alleging that Pallante had committed fraud. Lloyd's sought to recover what it had already paid her. After several attorneys at different times withdrew

from representing her, Pallante began representing herself in this action.

The court thereafter granted the motion of Lloyd's to dismiss Pallante's complaint for lack of prosecution. Pallante v. Those Certain Underwriters at Lloyd's, London, No. 17-1142, Doc. No. 51 (Apr. 30, 2018). On August 21, 2018, it granted the motion of Lloyd's for summary judgment on its counterclaim and entered a judgment against Pallante for $361,767.16, plus prejudgment interest of $45,345.15, for a total amount of $407,112.31. Id. at Doc. No. 62. On September 25, 2018, the court also awarded Lloyd's $67,881.38 in attorneys' fees and investigation expenses. Id. at Doc. No. 67.

On September 11, 2018, Pallante filed a pro se notice of appeal of the August 21, 2018 judgment. The Court of Appeals for the Third Circuit dismissed her appeal on November 16, 2018 because she had failed to file timely her appellate brief and appendix. Pallante v. Those Certain Underwriters at Lloyd's, London, No. 18-3075, 2018 WL 7814476, at *1 (3d Cir. Nov. 16, 2018). On February 21, 2019, her new counsel entered an appearance. It was not until April 15, 2019 that Pallante filed the present motion seeking to vacate the order dismissing her complaint and the judgment this court entered in favor of Lloyd's on its counterclaim.

We first consider Pallante's motion to the extent it seeks relief under Rule 55(b). Rule 55(b) provides:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Pallante does not explain how this Rule, which governs the entry of default judgments, could provide her any relief. Neither this court nor its clerk has entered either a default or a default judgment against her. As a result, her reliance on Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987) is misplaced. There, our Court of Appeals was concerned with a

factual scenario not involved here.  It simply enumerated the factors an appellate court should review to determine "whether the trial court has abused its discretion in dismissing, or refusing to lift a default."  Id.  Accordingly, we are affording Rule 55(b) no further consideration.

We next turn to Rule 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1)  mistake, inadvertence, surprise, or excusable neglect;
>
>    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4)  the judgment is void;
>
>    (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)  any other reason that justifies relief.

Pallante does not state which subsection or subsections of Rule 60(b) entitle her to relief.  She first raises her lack of counsel and her mental and physical health

problems to explain why she repeatedly ignored this court's orders. These arguments appear to invoke "excusable neglect" under 60(b)(1).

Pallante further asserts that entering a judgment in favor of Lloyd's was a miscarriage of justice. She argues that the insurance contract governing her fire and theft loss policies was unconscionable and that she should now be allowed to pursue this claim. This amounts to suggesting that the court made legal errors in dismissing her complaint and in imposing a judgment in favor of Lloyd's on its counterclaim. The Third Circuit has acknowledged that "'some courts have held that legal error without more cannot be corrected under Rule 60(b),' while other courts 'have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made . . . within the time allowed for appeal.'" Sanders v. Downs, 622 F. App'x 127, 129 (3d Cir. 2015) (citing Page v. Schweiker, 786 F.2d 150, 154–55 (3d Cir.1986)). Pallante raises this argument after her appeal, so it could not be brought under Rule 60(b)(1).

It appears that Pallante is relying on 60(b)(6) which affords relief for "any other reason that justifies relief," that is for a reason not encompassed within Rule 60(b)(1) through Rule 60(b)(5). Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Budget Blinds, Inc. v. White, 536 F.3d 244, 251

-5-

(3d Cir. 2008). To obtain relief under 60(b)(6) requires a showing of "extraordinary circumstances." Gonzalez, 545 U.S. at 535.

We do not reach the merits of Pallante's motion because, as Lloyd's argues, we do not have subject matter jurisdiction. Our Court of Appeals has held that when a case has been through the appellate process, the district court does not have jurisdiction to grant a Rule 60(b) motion as to "matters included or includable in defendants' prior appeal." To grant such a motion would in effect alter the appellate court's mandate. Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982). The district court may properly decide a Rule 60(b) motion only when it is "based on matters that come to light after the appellate court has issued a decision." Bernheim v. Jacobs, 144 F. App'x 218, 222 (3d Cir. 2005).

The facts in Bernheim are virtually identical to the present situation. The district court had granted summary judgment in favor of the defendants. Plaintiff then filed a timely appeal. Id. at 220-21. The Court of Appeals subsequently dismissed plaintiff's appeal after he failed to file his brief and appendix after receiving three extensions. Id. at 221. Plaintiff thereafter returned to the district court seeking relief from its summary judgment order under Rule 60(b)(1) claiming that the district court made a legal error

constituting a "mistake" and that failing to file his appellate brief was "excusable neglect." Alternatively, he sought relief from the district court's "legal error" under 60(b)(6) in the interests of justice. Id. The district court dismissed the motion on the merits, and plaintiff then appealed. Id. at 222.

The Court of Appeals opined that the district court did not have jurisdiction even to address plaintiff's arguments because all of them could have been made in his earlier appeal had he timely filed his appellate brief. It reversed and remanded the district court's denial of the motion with instructions to dismiss it for lack of jurisdiction. Id. at 233.

As in Bernheim, the arguments Pallante raises in her Rule 60(b) motion were all "includable" in her appeal to the Court of Appeals. Seese, 679 F.2d at 337. Pallante's physical and mental health problems, lack of counsel, and this court's allegedly erroneous decisions were issues available and known to her at the time she filed her notice of appeal on September 11, 2018. She does not, and cannot, suggest that these issues had "come to light after the appellate court has issued a decision." Bernheim, 144 F. App'x at 222. She has now forfeited the opportunity to bring this Rule 60(b) motion by failing timely to file her appellate brief and proceed with her appeal. As

explained in Page v. Schweiker, "Rule 60(b) is not a substitute for an appeal." 786 F.2d at 154[1].

Accordingly, we will dismiss Pallante's motion for relief from judgment under Rule 60(b) for lack of jurisdiction. We will deny Pallante's motion to the extent it seeks relief under Rule 55(b).

---

1. The court's order awarding counsel fees and investigation expenses was entered on September 25, 2018, some two weeks after Pallante filed her notice of appeal. It is unclear whether Pallante's Rule 60(b) motion seeks to overturn that order. In any event, the time to appeal that order has long ago expired, and for the reasons stated above it cannot now be the subject of a Rule 60(b) motion.